**IN THE COURT OF APPEALS OF IOWA**

No. 19-1445
Filed July 22, 2020

**IN RE THE MARRIAGE OF JOSEPH MCCAFFRY
AND TRACEY MCCAFFRY**

**Upon the Petition of
JOSEPH MCCAFFRY,**
        Petitioner-Appellant,

**And Concerning
TRACEY MCCAFFRY,**
        Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.


        Joseph McCaffry appeals the spousal support provisions of a decree of

dissolution of marriage. **AFFIRMED.**



        Sarah Gorham of Stengel, Bailey & Robertson, Rock Island, Illinois, for

appellant.

        Michael E. Rock, Bettendorf, for appellee.



        Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**MULLINS, Judge.**

Joseph McCaffry appeals the spousal support provisions of the decree dissolving his seventeen-year marriage to Tracey McCaffry. Joseph argues the amount and duration of Tracey's spousal support award is inequitable. Our review is de novo. *In re Marriage of Stenzel*, 908 N.W.2d 524, 531 (Iowa 2018). "[W]e accord the trial court considerable latitude in making th[e] determination [of spousal support] and will disturb the ruling only when there has been a failure to do equity." *Id.* (first and third alterations in original) (quoting *In re Marriage of Olson*, 705 N.W.2d 312, 315 (Iowa 2005)).

At the time of trial, Joseph was forty-six and Tracey was forty-nine. The parties have two children, aged fifteen and sixteen at the time of trial. Joseph has another adult child from a previous relationship. The court determined Joseph's gross annual income to be $129,000.00 and his annual disability benefits to be $20,000.00. The court determined Tracey's annual income to be $23,000.00 and concluded she received in the neighborhood of $16,000.00 in disability benefits in relation to one of the parties' children. The parties were awarded joint physical care of their children, and Joseph was ordered to pay $618.95 in monthly child support when both children were eligible and $434.79 when only one child remained eligible. The court ordered Joseph to pay monthly spousal support to Tracey in the amount of $1000.00 when both children were eligible for child support and $1200.00 when only one child remained eligible, until the first of Tracey's remarriage, either parties' death, or Joseph reaching the age of sixty five.

We first address Joseph's argument that the amount of Tracey's spousal support award is inequitable. Joseph's argument boils down to his complaint that

the award "provides Tracey sums beyond what she reasonabl[y] needs to meet her needs." Having reviewed the record de novo, and in consideration of the factors contained in Iowa Code section 598.21A(1) (2018), we approve of the district court's reasons and conclusions for its spousal support award and affirm it without further opinion. *See* Iowa Ct. R. 21.26(1)(d).

Next, Joseph claims the court erred in not ordering his spousal support obligation be terminated upon his mandatory retirement at the age of fifty-seven. But "the question of whether the payor spouse's obligation should terminate at his retirement 'will depend on the circumstances of the parties prevailing at that time.'" *In re Marriage of Gust*, 858 N.W.2d 402, 412–13 (Iowa 2015) (quoting *In re Marriage of Michael*, 839 N.W.2d 630, 639 n.8 (Iowa 2013)). This is because future retirement "raise[s] too many speculative issues to be considered in the initial spousal support award." *Id.* at 416. Thus, the question of whether Joseph's "spousal support should be modified upon his retirement must be made in a modification action when retirement is imminent or has actually occurred." *Id.* at 418. We affirm.

**AFFIRMED.**